IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VONTESSA ROSS,** *et al.* | * * * | |
| Plaintiffs, | * * | |
| v. | * * * | Civil Case No.: SAG-20-00088 |
| **TWENTY-FOUR/SEVEN BAIL BONDS, LLC,** *et al.* | * * * * | |
| Defendants. | * * | |

* * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs Vontessa Ross and Kendra Sumpter bring this action on behalf of themselves and others similarly situated against Twenty-Four/Seven Bail Bonds, LLC ("Twenty-Four/Seven"); Randolph Smith; Crum & Forster Indemnity Company ("C&F"); and Herbert A. Thaler, Jr. for claims arising out of allegedly unlawful bail bond and debt collection practices. ECF 5. C&F has filed a motion to dismiss the claims against it, ECF 14, which Plaintiffs opposed, ECF 47. C&F then filed a reply. ECF 50. Additionally, Thaler has filed a motion for judgment on the pleadings, or alternatively, for summary judgment, ECF 46, which Plaintiffs opposed, ECF 51. Thaler then filed a reply. ECF 54. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, C&F's motion will be granted and Thaler's motion will be granted in part and denied in part.

I. **BACKGROUND**

The following facts are derived from Plaintiffs' complaint, ECF 5, and are assumed to be true for purposes of these motions.

In 2017, Sumpter was held on a $50,000 bail bond. *Id.* ¶ 38. To secure her release, she and her mother, Ross, entered into a bail bond contract with Twenty-Four/Seven. *Id.* ¶¶ 37, 54. C&F acted as the surety on the bail bond and appointed Twenty-Four/Seven to act as its "authorized agent" in the solicitation, sale, and negotiation of the bail bond. *Id.* ¶¶ 28–29, 41. The contract required Plaintiffs to pay Twenty-Four/Seven a 10%, or $5,000, premium. *Id.* ¶ 38. Plaintiffs paid $900 upon signing the contract, which did not indicate the amount or due date of any installment payment or the number of installment payments to be made. *Id.* ¶¶ 39–40. Plaintiffs made additional payments of $100 and $150 later that year. *Id.* ¶¶ 42–43.

In 2019, Twenty-Four/Seven, through its attorney, Thaler, filed a consumer debt collection action against Ross. *Id.* ¶ 44. Smith signed the application and affidavit in support of the action. *Id.* ¶ 45. Plaintiffs allege that they have expended costs, including attorneys' fees, in defending against the debt collection action. *Id.* ¶ 6.

Twenty-Four/Seven's license to operate as a bail bond company expired in 2016. *Id.* ¶ 33. Plaintiffs allege that Twenty-Four/Seven entered the contract for Sumpter's bail bond while it was unlicensed in violation of Md. Code Ann. Ins. § 10-103(e) and failed to include information in the installment agreement that is required by Md. Code Ann. Ins. § 10-309(c), such as the amount and due date of each installment payment and the number of installment payments required. *Id.* ¶¶ 26–27. According to Plaintiffs, Thaler knew of Twenty-Four/Seven's licensure status, which is a matter of public record, when he filed the debt collection action. *Id.* ¶ 60.

## II.   LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a

defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

A defendant must file a Rule 12(b)(6) motion to dismiss before filing an answer. Fed. R. Civ. P. 12(b). After filing an answer, however, a defendant may move for judgment on the pleadings pursuant to Rule 12(c) and may raise in that motion the defense of failure to state a claim upon which relief can be granted as set forth in Rule 12(b)(6). Fed. R. Civ. P. 12(c), (h)(2). A court applies the same Rule 12(b)(6) standard in deciding a Rule 12(c) motion that raises such a defense. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

### III. DISCUSSION

Plaintiffs bring five claims in this action. Count I alleges violations of the Maryland Consumer Debt Collection Act ("MCDCA") against all defendants. ECF 5 ¶¶ 74–82. Count II alleges violations of the Maryland Consumer Protection Act against all defendants except Thaler.

*Id.* ¶¶ 83–96. Count III alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA") against Thaler. *Id.* ¶¶ 97–103. Count IV alleges a claim for unjust enrichment against all defendants. *Id.* ¶¶ 104–10. Finally, Count V alleges a claim for declaratory and injunctive relief against all defendants. *Id.* ¶¶ 111–16. C&F and Thaler raise several challenges to these claims, and this Court will address each in turn.

### A. Twenty-Four/Seven's Licensure

C&F and Thaler first argue that Twenty-Four/Seven was, in fact, properly licensed such that the claims against them fail to the extent that they depend upon Twenty-Four/Seven's lack of licensure. They contend that regardless of whether Twenty-Four/Seven held its own license, it was properly licensed because Smith held a license and had registered Twenty-Four/Seven as his trade name. Maryland law allows a licensed insurance producer to so operate under "a trade name filed with the [Insurance] Commission" Md. Code Ann. Ins. § 10-113(b). Such an insurance license expires after two years unless renewed. Md. Code Ann. Ins. § 10-115(a)(1).

C&F and Thaler ask this Court to take judicial notice of several public records that they contend show that Smith was properly licensed and had properly registered his trade name. In deciding these motions, this Court may take judicial notice of matters of public record. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

The first document appears to be a certificate licensing Smith as an insurance producer from October, 2016 until October, 2018. ECF 14-2 at 11. Plaintiffs do not dispute that this document shows that Smith was licensed at the time that Twenty-Four/Seven issued them the bond relevant here, and this Court agrees that it shows that he was. C&F and Thaler have also identified a trade name approval sheet that appears to register the trade name "Twenty-Four/Seven Bail Bonds." *Id.* at 13. Plaintiffs note, however, that the approval sheet appears to have been issued by

4

the Department of Assessments and Taxation, rather than the Insurance Administration. ECF 47-2 at 2–3. C&F and Thaler have offered no support for the proposition that trade name registration with another agency suffices under § 10-113(b).

Instead, they ask this Court to take judicial notice of a third document, which appears to be a license renewal/reinstatement application accompanied by another license certificate. ECF 50-1. Although the accompanying license runs from June, 2008 until June, 2010, it is not clear when the application itself was filed because Smith dated it using his date of birth. *Id.* at 7–8. Furthermore, although the application states that Smith has a trade name on file, that trade name is listed as "Twenty-Four Seven Bail Bonds," and Smith completed one section of the application as if to change the name to "Twenty-Four-Seven Bail Bond," and another section as if to change it to "Twenty Four Seven Bail Bond." *Id.* at 7. Even assuming without deciding that this application was filed to obtain the 2008–2010 license and that the slight name discrepancies are immaterial to Smith's trade name registration, the application and accompanying license still do not show that Smith's trade name was properly registered at the time relevant to this case in 2017. Although discovery may reveal that Twenty-Four/Seven was properly licensed, this Court is not convinced of that point as a matter of law at this juncture. Accordingly, this Court will not dismiss Plaintiffs' claims on this basis.

### B. Lack of Injury

C&F and Thaler next argue that Plaintiffs have failed to state any of their claims because they have alleged no injuries stemming from Twenty-Four/Seven's alleged failures to be properly licensed and provide required information in its installment agreements. As an initial matter, this Court notes that some of Plaintiffs' claims do not require them to allege such injuries. Counts I and III exclusively allege violations of laws relating to debt collection, rather than violations of

the laws requiring that a bail bond company be properly licensed or provide certain information in installment agreements. Count II also alleges, in part, that C&F violated the MCPA by engaging in unlawful debt collection. ECF 5 ¶¶ 91–94.

Plaintiffs have sufficiently alleged harms stemming from the debt collection at issue here. Plaintiffs allege that they have incurred costs, including attorneys' fees, in defending against the debt collection action. *Id.* ¶¶ 6, 102. Attorneys' fees may be recoverable as actual damages if Plaintiffs succeed in proving their debt collection claims. *See Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 369–70 (D. Md. 2010) (concluding that plaintiffs could be entitled to attorneys' fees incurred in defending allegedly wrongful debt collection action and denying motion to dismiss MCPA claim). This Court therefore declines to dismiss Counts I or III, or Count II to the extent it alleges debt collection violations, on this basis.

Count II also alleges, however, that C&F violated the MCPA by misrepresenting that Twenty-Four/Seven was properly licensed. ECF 5 ¶¶ 88–89. The MCPA provides, in pertinent part, that "any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title" Md. Code Ann. Com. § 13-408(a). Thus, the MCPA requires a plaintiff to show "actual injury or loss" caused by the prohibited practice. *Citaramanis v. Hallowell*, 328 Md. 142, 152 (1992). This Court agrees with C&F and Thaler that Plaintiffs have failed to allege harms stemming from the lack of proper licensure. Plaintiffs have not alleged that the lack of licensure prevented Twenty-Four/Seven from performing the contract and paying the bond to secure Sumpter's release. On the contrary, Plaintiffs received the complete benefit of their bargain through the payment of the bond. Accordingly, this Court will dismiss Count II to the extent it alleges a violation of the MCPA for misrepresentation of Twenty-Four/Seven's licensure.

6

## C. Vicarious Liability Claims Against C&F

C&F next argues that Plaintiffs have failed to sufficiently allege that Twenty-Four/Seven acted as C&F's agent in pursuing debt collection. Counts I and II as pled against C&F rely exclusively on vicarious liability for the conduct of Twenty-Four/Seven, *see* ECF 5 ¶¶ 81, 95, so if Twenty-Four/Seven was not acting as C&F's agent, those claims against C&F must fail.

In their complaint, Plaintiffs allege that Twenty-Four/Seven acted as C&F's agent by citing Maryland Court Rule 4-217(b)(2), which defines a "[b]ail bondsman" as "an authorized agent of a surety insurer." *Id.* ¶ 28. This Court is not persuaded, however, that just because one court rule describes a bail bondsman as an "agent" of a surety means that a bail bondsman constitutes a surety's agent as a matter of law under all circumstances. Rather, the existence of an agency relationship is a fact-specific inquiry that requires a showing of three elements: "(1) the agent is subject to the principal's right of control; (2) the agent has a duty to act primarily for the benefit of the principal; and (3) the agent holds a power to alter the legal relations of the principal." *Proctor v. Holden*, 75 Md. App. 1, 20–21 (1988).

Plaintiffs have alleged no facts regarding the relationship between C&F and Twenty-Four/Seven. Rather, Plaintiffs have merely alleged in a conclusory fashion, alongside citation to Rule 4-217(b)(2), that C&F appointed Twenty-Four/Seven as its "authorized agent." ECF 5 ¶¶ 28–29. This bare conclusion does not suffice to show an agency relationship. Moreover, although Rule 4-217(d)(3)(B) states that a court may not accept a bail bond unless the bail bondsman provides an affidavit stating that he "is authorized to engage the surety insurer as surety on the bail bond pursuant to a valid general or special power of attorney," that requirement does not reveal anything about the relationship between the bail bondsman and surety after the bond is executed. Indeed, the complaint itself alleges that C&F appointed Twenty-Four/Seven to act as its agent in the

7

"solicitation, sale, and negotiation" of the bond. *Id.* ¶ 28. Thus, regardless of whether an agency relationship exists for the purpose of executing the bond, the rule does not support the conclusion that such a relationship exists for the purpose of collecting the bail bondsman's debt on the bond in a later debt collection action. Other facts may exist from which to infer such a relationship, but Plaintiffs have failed to plead any. This Court therefore must dismiss Count I, and Count II to the extent it is premised on debt collection, against C&F. Because this Court will dismiss both Counts I and II against C&F, it need not consider C&F's other challenges to those claims.

### D. MCDCA Claim Against Thaler

Thaler challenges the MCDCA claim against him on several grounds. First, he argues that Plaintiffs have failed to sufficiently plead that he knew that the debt collection action was unlawful. The MCDCA provides, in pertinent part, "a debt collector may not claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann. Com. § 14-202(8). To state a claim under this provision, the plaintiff must show that the debt collector (1) lacked the right to collect the debt sought and (2) attempted to collect the debt knowing that he lacked the right to do so. *Chavis v. Blibaum & Assocs., P.A.*, 476 Md. 534, 553 (2021). A plaintiff may satisfy the knowledge element by showing that the debt collector acted with reckless disregard for the lack of a right. *Id.* at 563.

Plaintiffs allege in their complaint that Thaler knew that he was prohibited from seeking judgments under Twenty-Four/Seven's unlicensed name and that whether a bail bond company is licensed is a matter of public record. ECF 5 ¶ 60. Accepting as true, as this Court must at this stage, that Twenty-Four/Seven had not been properly licensed, Plaintiffs have sufficiently alleged that Thaler acted with at least reckless disregard by failing to note through public record that the company seeking the debt at issue had not been properly licensed. Accordingly, this Court will

deny Thaler's motion as to the MCDCA claim to the extent it is based on Twenty-Four/Seven's lack of licensure. However, the complaint contains no allegations of Thaler's knowledge concerning the allegedly deficient installment agreements, and this Court will therefore grant his motion as to this claim to the extent it is based on the deficient installment agreements.

Thaler also argues that the MCDCA claim against him must be dismissed because Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to it and Plaintiffs have failed to satisfy that standard. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiffs and Thaler each cite unpublished decisions of courts in this district that have reached disparate conclusions regarding whether Rule 9(b)'s heightened pleading standard applies to MCDCA claims. *Compare Smith v. Oliveri & Assocs., LLC*, Civ. No. GLR-20-2598, 2022 WL 596805, at *8 n.6 (D. Md. Feb. 28, 2022) (concluding that Rule 9(b) does not apply) *with Amenu-El v. Select Portfolio Servs.*, Civ. No. RDB-17-2008, 2017 WL 4404428, at *4 (D. Md. Oct. 4, 2017) (applying Rule 9(b)). There does not appear to exist any binding case law on this question.

As an initial matter, this Court notes that Thaler has offered no argument as to how the complaint fails to satisfy the Rule 9(b) standard as to the claims against him. Rather, he merely incorporates by reference C&F's argument on this question as to the claims against it. Even assuming without deciding that Thaler has adequately raised this argument and that he is correct that Rule 9(b) applies, this Court concludes that Plaintiffs have satisfied it. Plaintiffs have alleged with particularity the debt collection action underlying their claims against Thaler, identifying the date on which it was filed, the court in which it was filed, the individuals who filed it, and its case number. ECF 5 ¶¶ 44–45. Furthermore, Rule 9(b) provides that "knowledge, and other conditions

9

of a person's mind may be alleged generally," and this Court has already concluded that Plaintiffs have sufficiently done so. Thus, Thaler's motion will be denied on this basis as well.

Finally, Thaler contends that the MCDCA claim fails because Plaintiffs challenge the validity of the underlying debt. Thaler cites a line of cases from courts in this district beginning with *Fontell v. Hassett*, 870 F. Supp. 2d 395, 405 (D. Md. 2012), for the proposition that a challenge to the validity of the underlying debt cannot form the basis for an MCDCA claim, which instead must target *methods* of debt collection. The Court of Appeals of Maryland has since examined and rejected the *Fontell* line of cases, however, concluding that nothing in the text of the MCDCA limits its reach to methods of debt collection. *Chavis*, 476 Md. at 555–60. Rather, the court continued, § 14-202(8) specifically "gets at the substance of a claimed right" and "reach[es] any claim, attempt, or threat to enforce a right that a debt collector knows does not exist." Accordingly, this Court will deny Thaler's motion on this ground.

E. **Unjust Enrichment Claims**

C&F and Thaler also challenge the unjust enrichment claims, which are based on payments that Plaintiffs made pursuant to the allegedly unlawful and unenforceable bail bond contract. To prove unjust enrichment, a plaintiff must establish that (1) she conferred a benefit on the defendant, (2) the defendant knew of the benefit, and (3) it would be inequitable to allow the defendant to accept or retain the benefit under the circumstances without paying value in return. *Benson v. State*, 389 Md. 615, 651–52 (2005). A defendant has not been unjustly enriched, even if the contract underlying the dispute is unenforceable, however, when the plaintiffs "have received everything that they bargained for." *Citaramanis*, 328 Md. at 159. Plaintiffs received everything that they bargained for in the bail bond contract, namely, the payment of the bond to secure Sumpter's release. Thus, regardless of whether the bail bond contract is unenforceable such that Twenty-

Four/Seven could not sue to recover on it, C&F and Thaler, to the extent that they received any benefit from the contract, were not unjustly enriched in doing so. This Court will therefore dismiss Count IV against both C&F and Thaler.

### F. Claims for Declaratory and Injunctive Relief

Finally, C&F and Thaler challenge Count V, the claim for declaratory and injunctive relief. Plaintiffs seek a declaration that the contracts entered into by Twenty-Four/Seven when it was unlicensed are unenforceable and that C&F and Thaler are not entitled to attempt to collect amounts pursuant to those contracts. ECF 5 ¶¶ 112–13. They further seek to enjoin C&F and Thaler from attempting to collect on such contracts. *Id.* ¶¶ 115–16. As C&F and Thaler note, however, a plaintiff may not seek declaratory or injunctive relief under the MCDCA, the MCPA, or the FDCPA. *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 733 (D. Md. 2011). This Court will therefore dismiss Count V against both C&F and Thaler.

### IV. CONCLUSION

For the reasons stated above, this Court will grant C&F's motion to dismiss, ECF 14, and grant in part and deny in part Thaler's motion for judgment on the pleadings, ECF 46. Accordingly, all claims against C&F will be dismissed, and Counts IV and V will be dismissed against Thaler. Counts I and III will be dismissed against Thaler only to the extent that they are premised on alleged deficiencies in the installment agreements. If Plaintiffs wish to pursue the dismissed claims, they must seek leave to amend them within twenty-one days of this Memorandum Opinion. A separate Order follows.

Dated: February 23, 2026

/s/
Stephanie A. Gallagher
United States District Judge